IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNNY RAY GRAY, PRO SE, | § | |
| Federal Inmate Reg. #28745177, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 2:05-CV-0135 |
| | § | |
| MICHAEL AMOS, Lieutenant, | § | |
| JERRY MASSENGILL, Sergeant, | § | |
| VERNON WILSON, Agent, | § | |
| DAVID PONCE, Agent, | § | |
| STEVE THOMAS, Agent, and | § | |
| NFN FISHER, City Police Officer, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JOHNNY RAY GRAY, acting pro se and while a prisoner incarcerated in the Englewood Federal Correctional Institution, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

### PLAINTIFF'S COMPLAINT

Plaintiff complains that, on February 20, 2002, he was unlawfully arrested and searched. He states later questioning was conducted without an attorney, despite his request for one. Plaintiff also states he was convicted of a drug charge, upon a guilty plea and in accordance with a plea agreement, as a result of unlawful wire tapes. Plaintiff sues the law enforcement officers involved in his search, arrest, and interrogation, as well as their supervisors.

Plaintiff states he filed a motion under Title 28, United States Code, section 2255 in his federal criminal case and that it is still pending.

Plaintiff requests unspecified injunctive relief and compensatory and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Review of court records of the Northern District of Texas provides access to plaintiff's motion to set aside or correct sentence filed in his criminal case and reveals that the grounds forming the basis for that motion are identical to those alleged as the basis for his civil

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

rights complaint in the instant cause.  A favorable decision concerning the claims advanced in this cause would necessarily call into doubt plaintiff's conviction in cause no. 5:04-CV-0126.

Any section 1983 claim which attacks the unconstitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).  Court records and plaintiff's own allegations demonstrate his conviction has not been reversed, expunged, invalidated or called into question.  Plaintiff's claims asserted in the instant cause clearly fall within the scope of *Heck* and are barred until plaintiff can fulfill the *Heck* requirement.  Consequently, plaintiff's claims lack an arguable legal basis and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

IT IS HEREBY ORDERED:

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   23rd   day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE